WEAVER, J.
(concurring). I concur in the result of the majority opinion that affirms defendant’s convictions of felon in possession of a firearm, MCL 750.224f(l); and possession of a firearm during the commission of a felony, MCL 750.227b.
Both convictions in this case involve the statutory definition of “firearm,” MCL 750.222(d). MCL 750.222(d) defines “firearm” as “a weapon from which a dangerous projectile may be propelled by an explosive, or by gas or air. Firearm does not include a smooth bore rifle or handgun designed and manufactured exclusively for propelling by a spring, or by gas or air, BB’s not exceeding .177 caliber.”
I write separately because the majority’s interpretation of the word “may” to exclude consideration of a weapon’s operability and require only consideration of a weapon’s design is both overinclusive and underinclusive.
*657 A fair reading of the phrase “may be propelled” does not require that the weapon be currently capable of propelling a dangerous projectile. It only requires that a projectile could be propelled from the weapon at some time. Thus, contrary to the majority’s suggestion, ante at 643, a “simple pipe” could qualify as a firearm under the plain terms of the statute. A simple pipe can in fact be made to propel a dangerous projectile with, for example, air. That does not mean that any felon caught carrying a simple pipe should be charged with felony-firearm. But if the felon is carrying the components of a functional blow gun or pipe gun, the simple pipe might be capable of propelling a dangerous projectile. I would not summarily exclude such weapons from the definition of “firearm.”
I would hold that a weapon from which a dangerous projectile may be propelled by an explosive, or by gas or air, and which is not permanently inoperable, qualifies as a firearm under MCL 750.222(d). Rather than injecting a design component into, or excluding an operability component from, the definition of “firearm,” I would continue to review the facts of each case in light of the clear language of the statutory definition of “firearm.”
The testimony presented suggested that the weapon found in defendant’s possession could have been repaired to allow it to fire one round. The officer who examined the gun when it was received in evidence testified, “If it had the proper stop but this portion here of the slide was broken you’d get one round off.” While there was extensive testimony regarding the weapon’s state of disrepair, there was no testimony at trial to contradict the potential that replacing some pieces may have allowed the weapon to fire.
Thus, the evidence presented at trial qualifies the weapon found in defendant’s possession as a “firearm” *658 under MCL 750.222(d). For that reason, I would affirm the judgment of the Court of Appeals that affirmed the defendant’s jury convictions.